UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANA LEMIEUX,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 1:21-cv-10051
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION ON MOTION FOR AUTHORIZATION OF SECTION 406(b) FEES (ECF No. 25)

### I. Introduction

This is a social security case. Plaintiff Lana LeMieux (LeMieux) brought this action under 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security (Commissioner) denying her application for Disability Insurance Benefits (DIB) under the Social Security Act (the Act). Shortly after the Commissioner filed the transcript, the parties stipulated to remand of the case to the Social Security Administration for reconsideration of LeMieux's claim for benefits. (ECF Nos. 22, 23). On remand, LeMieux was awarded benefits, receiving an initial award of $103,262 for past-due benefits. *See* ECF No. 25-1, PageID.657.

1

Before the Court is LeMieux's motion for attorney's fees under 42 U.S.C. 406(b) of the Social Security Act, (ECF No. 25). The motion was referred to the undersigned on June 29, 2023 for a Report and Recommendation under 28 U.S.C. 636(b)(1)(B), (ECF No. 27). For the reasons that follow, the undersigned RECOMMENDS that the petition be GRANTED in the requested amount of $3,000.

## II.   Background

As outlined in her motion, petitioner (plaintiff's counsel) appeared in this case on May 11, 2021, after LeMieux filed her case *pro se* on January 8, 2021, seeking review of the Social Security Administration's decision to deny her disability benefits claim. (ECF No. 25, PageID.643). Thereafter, the parties agreed to remand the case, (ECF No. 22). And as described above, an Administrative Law Judge (ALJ) issued a fully favorable decision on June 10, 2022, finding LeMieux disabled as of August 22, 2016, and granting her a retroactive award of Social Security disability benefits. This represents a judgment favorable to the claimant under § 406(b)(1)(A). As such, petitioner has moved for an award of attorney fees under that section. (ECF No. 25).

LeMieux's past-due benefits amounted to $103,262, $25,810.50 of which was withheld for potential payment of attorney's fees. *See* ECF No. 25-1, PageID.657. LeMieux signed an agreement with petitioner that her maximum fee

2

for representation before the Court, if benefits were awarded, would be for 25% of the amount paid to LeMieux. (ECF No. 25-3). Petitioner moves for attorney's fees of $3,000, reflecting five hours of attorney work on LeMieux's case. (ECF No. 25, PageID.644). In support, petitioner has attached a log of her hours spent on the case. (ECF No. 25-5). Petitioner also notes that the attorney representing LeMieux at the administrative level will seek $6,000 for his work, and that the total amount requested by both of LeMieux's attorneys is still well below 25% of LeMieux's past-due benefits. (ECF No. 25, PageID.645). Furthermore, petitioner acknowledges that upon receipt of her award under § 406(b), she will repay LeMieux the $700 that she was previously awarded under the Equal Access to Justice Act (EAJA). (ECF No. 25, PageID.645).

### III. Legal Standard

Section 406(b) allows an attorney fee of up to 25% of past due benefits under contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht*, 535 U.S. at 808-09. There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991). To avoid such windfalls, district courts

are authorized to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees. *See Gisbrecht*, 535 U.S. at 798 n.6.

Courts in the Sixth Circuit have found no windfall "when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Parish v. Comm'r of Soc. Sec.*, No. 13-cv-14410, 2017 WL 3084371, at *2 (E.D. Mich. July 20, 2017) (quoting *Hayes*, 923 F.2d at 422).

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. . . . Such a result would thwart Congress's intention to assure social security claimants of good representation. . . . [This multiplier] provides a floor, below which a district court has no basis for questioning, under the . . . windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Hayes*, 923 F.2d at 422 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989)). If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. *Id.*

IV. Discussion

4

In response to petitioner's motion, the Commissioner represented that while it has no direct financial interest in the attorney's fees awarded under § 406(b), "it is the Commissioner's standard practice to respectfully advise the Court on such motions." (ECF No. 26, PageID.680). The Commissioner has no objection to the $3,000 fee that petitioner requests. (*Id*.). Further, the Commissioner notes that petitioner's motion appears timely, and does not result in a clear windfall for petitioner. (*Id*., PageID.680-681).

However, the Commissioner raises one issue with petitioner's motion, which is that her hourly log reflects an hour of time spent on the case *before* her appearance was filed, as well as an hour of work that occurred months after judgment was entered in this matter. (*Id*. (citing *Hale v. Comm'r of Soc. Sec*., No. 1:09–cv–318, 2011 WL 5920914, at *2 (W.D. Mich. Oct. 25, 2011) (collecting cases reflecting § 406(b) "limits the court to fee awards based on the work performed before the court."))). The Commissioner notes that if those hours are removed, a $3,000 award would reflect an hourly rate of $1,000 for the three hours of work performed before the Court, which is in excess of twice the standard hourly rate for similar work. (*Id*.).

Petitioner's request is based on a 2020 market survey that she has attached as ECF No. 25-2. That survey reflects that median hourly rate for administrative law practice was $296 at that time. (ECF No. 25-2, PageID.669). Adjusted for

5

inflation for petitioner's work done in 2022, that amount would be $330.65. (*Id*.). A review of cases from this district reveals that an hourly rate of $250 to $500 is standard, and that doubling and even tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny. *See Hardy v. Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (approving fee resulting in effective hourly rate of $750); *Szostek v. Berryhill*, No. 14-11531, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *report and recommendation adopted*, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (collecting cases). In fact, in *Parish v. Comm'r of Soc. Sec.*, while the court adjusted the petitioner's award downward, it still approved of a rate that was "more than three and a half times" the rate that had been found standard by other courts in similar cases. 2017 WL 3084371, at *3.

It is not lost on the undersigned that by reaching out to the Commissioner prior to filing a motion for summary judgment, petitioner achieved a favorable result for her client while greatly reducing the amount petitioner herself could have collected through further motion practice in this case. *See* ECF No. 25-5, PageID.679. Furthermore, even adjusting petitioner's hours spent on this case from five to three, the $3,000 award would be less than three-and-a-half times the standard hourly rate for such work, which is not a windfall for efficient

6

representation from an experienced practitioner. *See Parish*, 2017 WL 3084371, at *3.

Additionally, the undersigned is not convinced that petitioner's hour of work prior to filing an appearance on this matter is excludable from consideration. In that regard, this case is distinguishable from *Hale*, where plaintiff's counsel petitioned for an award based on work done at the administrative level. 2011 WL 5920914, at *2. If that hour is considered, petitioner's hourly rate for an award of $3,000 would be $750, which is entirely reasonable based on the guidance from this district. The undersigned is not aware of any precedent that would exclude work done on the case shortly before an appearance is filed from a § 406(b) award.

Overall, under either calculation, the $3,000 award does not create a windfall to petitioner and is otherwise appropriate.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that the petition for attorney fees under § 406(b) be GRANTED and that petitioner be awarded $3,000 for her representation of LeMieux.

Dated: June 30, 2023　　　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Isaac v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2023.

                                                       s/Julie Owens
                                                       JULIE OWENS
                                                       Case Manager